### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HERBERT DEVAN FISHER, JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-4075-SAC-ADM |
| ) | |
| RUSSELL STOVER CHOCOLATES, ) | |
| LLC, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

On September 6, 2019, pro se plaintiff Herbert DeVan Fisher, Jr. filed an employment discrimination complaint naming Russell Stover Chocolates, LLC as the defendant. As of the date of this report and recommendation, Mr. Fisher still has not served defendant. He has taken no action in this case since late September 2019. As discussed in further detail below, the undersigned recommends that this case be dismissed without prejudice.

**I.     BACKGROUND**

When Mr. Fisher filed his complaint, he also filed a motion for leave to proceed in forma pauperis. (ECF No. 3.) The district judge denied this motion on September 23, 2019. (ECF No. 5.) Mr. Fisher paid the required filing fee on September 26, 2019.

After Mr. Fisher paid the filing fee, he did not request that the clerk's office issue a summons to defendant. A plaintiff is generally required to serve a defendant with a summons and a copy of the complaint within 90 days of filing the complaint. *See* FED. R. CIV. P. 4(c)(1); 4(m). On December 26, 2019, after 90 days had passed from the date Mr. Fisher paid the required filing fee, the court issued an order granting Mr. Fisher a permissive extension of time to serve defendant. (ECF No. 7.) The court pointed out that a party's pro se status does not excuse him from

complying with the Federal Rules of Civil Procedure. *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994). However, permissive extensions may be appropriate to protect a pro se plaintiff from the "consequences of confusion or delay attending the resolution of an *in forma pauperis* petition." *Espinoza v. United States*, 52 F.3d 838, 842 n.8 (10th Cir. 1995). The court informed Mr. Fisher of the District's guide for pro se litigants, which contains information on service of a summons and complaint, and the court directed him to serve defendant by February 14, 2020. The court warned Mr. Fisher that failure to timely serve defendant could result in his claims being dismissed without prejudice pursuant to Rule 4(m).

Mr. Fisher did not serve defendant by February 14, 2020. On February 20, the court issued an order to show cause. (ECF No. 9.) The court again told Mr. Fisher that failure to timely serve the defendant could result in his claims being dismissed. The court directed Mr. Fisher to show cause in writing by March 6 why the undersigned should not recommend that his claims be dismissed without prejudice for failure to timely serve defendant, as required by Rule 4(m).

Mr. Fisher did not respond to the court's order to show cause.[1] And, as of the date of this report and recommendation, the record does not reflect that he has accomplished service on defendant.

## II.     DISCUSSION

As the court has repeatedly forewarned Mr. Fisher, a plaintiff has 90 days after filing a complaint to serve process on a defendant. FED. R. CIV. P. 4(m). If a defendant is not timely

---

[1] Mr. Fisher is registered to receive ECF notifications. The court's December 26 and February 20 orders were also mailed to Mr. Fisher by regular and certified mail. (*See* ECF Nos. 8 & 10 (certified mail receipts).) None of the mail addressed to Mr. Fisher was returned as undeliverable. The court presumes that he received all mailings. *Moya v. United States*, 35 F.3d 501, 504 (10th Cir. 1994) ("[T]he law presumes delivery of a properly addressed piece of mail . . . .").

served, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* Further, where a plaintiff fails to comply with a court order or fails to prosecute a case, a district court has discretion to dismiss the action under Fed. R. Civ. P 41(b). *See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009); *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007).

This case has been on file for more than 200 days, and Mr. Fisher has not taken any action whatsoever after paying the filing fee in September 2019. Despite the court granting him a permissive extension of time to serve defendant with the summons and the complaint, Mr. Fisher has made no efforts to effect service. He did not comply with the court's order setting February 14, 2020, as the deadline for service. He also did not respond to the court's order to show cause why this case should not be dismissed. Because Mr. Fisher failed to comply with Rule 4(m), this court "*must* dismiss the action without prejudice." FED. R. CIV. P. 4(m) (emphasis added). And because Mr. Fisher failed to comply with the court's orders and failed to prosecute this case, the court has discretion to dismiss the case without prejudice under Rule 41(b). For these reasons, the undersigned recommends that this case be dismissed without prejudice pursuant to Rule 4(m) and/or Rule 41(b).

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. R. 72.1.4(b), the court informs Mr. Fisher that he may file specific written objections to this report and recommendation within fourteen days after being served with a copy. If Mr. Fisher does not file objections within the fourteen-day time period, no appellate review of the factual and legal

determinations in this recommendation will be allowed by any court.  *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

**IT IS SO ORDERED.**

Dated April 10, 2020, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
